JOHN W. HUBER, United States Attorney (#7226)
CARL D. LESUEUR, Assistant United States Attorney (#16087)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682
Email: carl.lesueur@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

|  |  |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | MISC. NO. 2:19-mj-335 DBP<br><br>**Filed Under Seal** |

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Verizion, a cellular service provider, located in Bedminster, NJ, to disclose certain records and other information pertaining to the accounts associated with certain telephone numbers as described in Part I of Attachment A. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

LEGAL BACKGROUND

1. Verizion is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require

Verizon to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i)

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The United States is investigating bank fraud, wire fraud and a money laundering conspiracy involving participants residing in and using bank accounts in Utah County in the State of Utah. The investigation concerns possible violations of, inter alia, 18 U.S.C. §§ 1343, 1344, and 1956(h).

5. A woman and her daughter reported that she had sent multiple checks to individuals in Utah. The woman indicated she sent the checks at the direction of a man she met online who purported to be a European businessman. Investigation has revealed that these same people have deposited checks from multiple women around the United States and the

world.  Nearly every one of the women appears to be a widow over the age of 65.  The perpetrators receive the money and rapidly move it between accounts and eventually overseas to accounts in Nigeria.  The activities are consistent with Nigerian based "romance scams," where perpetrators use false online personas to create relationships with victims and convince them to send money under false pretenses to accounts controlled by money laundering coconspirators who send the money back to Nigeria.

6. Multiple people residing in and maintaining bank accounts opened at branches in Utah County have deposited checks from the same victims.  They have engaged with subsequent transactions with each other and moved the money to accounts in Nigeria.

7. The phone numbers that are the subject of this request are phone numbers that were provided by the perpetrators to the banks where they opened their banks.  The requested records will help identify whom the perpetrators are coordinating with, and whether the perpetrators have had direct contact with victims, or whether they rely upon coconspirators to contact the victims.

## REQUEST FOR ORDER

8. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.  Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that Verizion be directed to produce all items described in Part II of Attachment A to the proposed Order.

9. The United States further requests that the Order require Verizion not to notify any person, including the subscribers or customers of the account(s) listed in Part I of Attachment A, of the existence of the Order for a time period of one year. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the attached court order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the attached court order will seriously jeopardize the investigation or unduly delay a trial, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, intimidate potential witnesses.

10. The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of

the targets of the investigation.  Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

                                                Respectfully submitted,

                                                JOHN W. HUBER
                                                United States Attorney
                                                For the District of Utah

Dated: May 6, 2019

                                                */s/Carl D. LeSueur*
                                                CARL D. LESUEUR
                                                Assistant United States Attorney